The Chancellor.
This is an injunction hill. Its object is to enjoin the defendants, as managers, under an act of the legislature, for the opening, clearing out, and straight *526 ening the Assanpink creek, from entering upon and appropriating the land of the complainant for the purposes authorized by the act.
When this ease was before me on a motion to dissolve the injunction, I decided that the lands of the complainant could not be taken without his consent, as the act prescribed no mode of compensation, and I refused to dissolve the injunction. In delivering the opinion, I stated that the defendants, in their answer, set up that the complainant encouraged the defendants to proceed with their work, and to expend large sums of money, under a promise, on his part, that the defendants might take his land for the purposes of the contemplated improvement, and that if the defendants could sustain these allegations by proof, then this injunction would not be continued. With this, intimation, proofs have been taken, and the question now is, whether this injunction shall be made perpetual.
I do not think the evidence on the part of the defendants sustains the allegations of their answer. It is very evident that the defendants have proceeded, relying entirely upon their rights under the act, and not upon any agreement, express or implied, of the complainant. The case stands precisely as it did upon the bill and answer, when the motion was made to dissolve the injunction. According to the views expressed in deciding that motion, the complainant is entitled to have the injunction ma,de perpetual.